## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS MANZANET,** | ) | |
| **Petitioner** | ) | |
| | ) | **C.A. No. 08-310 Erie** |
| **vs.** | ) | |
| | ) | **District Judge McLaughlin** |
| **HOWARD J.R. REILY, et al.,** | ) | **Magistrate Judge Baxter** |
| **Respondents.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATOION

### I.      RECOMMENDATION

It is respectfully recommended that the instant federal habeas corpus action be dismissed for Petitioner's failure to prosecute.

### II.      REPORT

#### A.      Relevant Procedural History

On November 10, 2008, this Court received a federal habeas petition from Petitioner Carlos Manzanet, an inmate at the State Correctional Institution at Albion, Pennsylvania. The Complaint was accompanied by a motion to proceed *in forma pauperis*; however, Petitioner failed to submit with the motion a certified copy of his institutional account statement(s), as required by 28 U.S.C. §1915(a)(2). As a result, this Court issued an Order dated November 18, 2008, requiring Petitioner to submit a certified copy of the required institutional account statement(s) on or before December 8, 2008, or suffer dismissal of this action for failure to prosecute. To date, no response to this Court's Order has been received and the account statement(s) have not been submitted.

#### B.      Discussion

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis

v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Petitioner has ignored an order by this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Petitioner's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant federal habeas corpus action be dismissed for Petitioner's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 30, 2009

cc:      Honorable Sean J. McLaughlin
          United States District Judge